## BREACH OF ADVERTISING CONTRACT.

Circuit Court of Lorain County.

### A. A. HARTZELL V. H. A. OEHLKE.

Decided, September 28, 1910.

*Contract—Termination of, by Defendnat—Action on Contract for Part Performed and on Breach of Contract for Balance.*

In an action on a contract for publication of advertising matter, when it appears that the defendant notified the publisher to discontinue the publication, the publisher is entitled to recover for advertising published up to the date of the notice and damages for breach of the balance of the contract; he can not disregard the notice, continue the publication and thereafter recover full compensation as provided in the contract.

*Webber & Metcalf*, for plaintiff in error.
*G. A. Resek* and *Van Deusen & Calhoun*, contra.

HENRY, J ; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand related here as they stood below. The plaintiff there recovered a judgment (which he deems to be inadequate in amount), in his action for the entire compensation provided for by the terms of a written contract which his petition alleges to have been fully performed on his part. The agreement between the parties is styled "Advertising Contract" and is dated "Lorain, O., Aug. 26, 1908." It provides in substance that Hartzell was to publish in the programs of the Majestic Theater in that city at every performance during the season of 1908-9 such advertising copy to occupy two spaces of $2\frac{1}{2}$ by $5\frac{1}{4}$ inches each at top of page as the defendant

Oehlke, a merchant of Lorain, should supply from week to week for that purpose, to be paid for at the price of one dollar for each performance, payable weekly.

Upon the trial it appeared that Oehlke had notified the plaintiff that he would not be bound by the agreement any longer and requested that the publication of his advertisement be discontinued. Hartzell ignored this notice and request, continued the publication throughout the season, and sued for the whole amount stipulated in the contract, on the theory, apparently, that the agreement remained in full force, unaffected by the renunciation, and that it had been completely executed by him. The answer set up the repudiation of the contract and alleged that it had been procured by fraud and false representations. The verdict eliminated the issue of fraud by affirming the validity of the contract, under proper instructions of the court in that behalf; but, under the charge of the court, the verdict could and did embrace only the amount of the earned installments of compensation which accrued before the contract was repudiated. The court thus instructed the jury:

"Ordinarily, in a proper action for breach of contract the plaintiff would be entitled to recover the damage which the evidence showed he suffered as the natural and necessary consequence of the breach of said contract by the defendant which he admits he committed when be served notice on the plaintiff thirty days after the contract was signed, but if such was this action, even if the contract was valid, the defendant had a right to stop its further performance by the plaintiff, being liable in damages in a proper action for so doing; but after the defendant repudiated the contract and ordered the plaintiff to discontinue its performance, the plaintiff could not add to his damages by disregarding the repudiation and continuing performance.

"But this is not such an action. This is an action on the contract, and if the contract was a valid contract the plaintiff can, if he chooses, sue for and recover pay at the contract price for so much as was due under the contract at the time of repudiation, and in this action that is all he can recover. The fact that it cost the plaintiff to continue the publication after repudiation of the contract by the defendant or that defendant might have derived some benefit from the continued publication, has nothing to do with the amount which plaintiff is entitled to recover in this action, and there being no evidence of damage for breach of con-

tract in this case, if you find that the contract is valid, not void for fraud, you will return a verdict for the plaintiff for the amount which was due at the contract price for the publication at the time of the repudiation, together with interest thereon from the time of the repudiation to the first day of this term of court, which was April 4, 1910.''

This charge accords with the doctrine laid down in *3 Page on Contracts,* Section 1435 *et seq.* A similar case is *Waid et al* v. *American Health Food Co.* (Wis., 1903), 96 N. W., 388, the last three paragraphs of the syllabus of which are as follows:

''Defendants contracted with plaintiffs to place their advertising cards in certain railway cars in a manner provided from June 19, 1900, up to and including July 10, 1901. The contract also provided that 'non-use of space from advertiser's act or omission was the advertiser's loss.' *Held*: That the contract did not constitute a sublease of space which had been let by the owners of the cars to plaintiffs, but was a contract for plaintiffs' personal services, and was. therefore, executory until the date provided by the contract for its termination. ·

''Where defendants contracted with plaintiffs for certain advertising to be placed in railroad cars for a period of twelve months, the contract being executory·before termination of the contract period, defendants were entitled to stop further performance on plaintiffs' part and limit their further liability for remaining period to damages sustained from breach of the contract.

''Defendants contracted with plaintiffs for certain advertising to be placed by plaintiffs in certain railroad cars for a period of twelve months. On the expiration of two months and seventeen days defendants directed plaintiffs to remove the cards, which they failed to do, and after the expiration of the twelve months brought suit to recover the contract price, alleging full performance. *Held*: That defendant's notification constituted a breach of the contract, and hence, under the complaint, plaintiffs were only entitled to recover the contract price for the two months and seventeen days during which the contract was performed prior to the breach.''

I am not sure that this syllabus is the syllabus prepared by the court for the official reports, but it is sufficiently well prepared to reflect the view which the court take .of the case, the facts of which are strikingly like those in the case at bar.

· An advertising contract of this sort being thus deemed to be a contract for personal services the rule in this jurisdiction may be found in *James* v. *Allen County,* 44 Ohio State, 226, where Spear, J., at page 237 says:

"As a result from the authorities, as well as upon principle we are satisfied that in such a contract as the one in the case at bar, where the employee is wrongfully dismissed, but all wages actually earned up to that time are paid, the only action the employee has, whether he bring it at once or wait until the entire period of hire has expired, is one for damages for the breach of the contract, and the measure of damages will be the loss or injury occasioned by that breach."

Some of the reasoning of the court in the opinion in the case of *James* v. *Allen County,* is not applicable to the facts before us now, and with respect to the line of reasoning here indulged it may be asserted, and it has occurred to our minds, that there is a difficulty arising from the fact that Hartzell in this case continued to perform the contract, or to perform the things contemplated by the contract as originally made, throughout the full contract period and then sued alleging full performance and praying for the contract price or pay for his services so rendered.

The answer to the suggestion of difficulty arising from that plain statement of facts of the case is to be found, we think, in this: that from the moment of the renunciation of the contract, wrongful though it be, the relationship of employer and employee, the status of employment, is terminated and thenceforward the things done in attempted fulfillment of the contract are not done in pursuance of the relationship which the contract creates, that relationship having been terminated by the repudiation of the contract. So that no action for wages or compensation, or pay, for the period elapsing after the contract is so repudiated can be maintained, and the only action, as Judge Spear says, that can be maintained under such a state of facts is an action for damages for breach of contract. There is no hint or suggestion in the petition in this case that such was the theory of the pleader when he prepared the petition that was filed in the court below. His theory was simply that the contract remained in full

force and effect and that he had fully performed it, and he was entitled to the pay which was provided for.

The trial court, we think, correctly charged the jury and we find no error in the charge nor elsewhere in the record, and the judgment below is affirmed.